STATE OF LOUISIANA          *        NO. 2020-K-0202

VERSUS                   *        COURT OF APPEAL

CHRISTOPHER ROUSSET       *        FOURTH CIRCUIT

                                 *        STATE OF LOUISIANA

                                 *

                                 *
                         * * * * * * *

*TFL*    **LOVE, J., CONCURS IN PART, DISSENTS IN PART, AND ASSIGNS REASONS**

I agree with the majority that the district court erred in finding no probable cause and in suppressing Defendant's statement that he owned the cell phone. However, I respectfully dissent from the majority's finding that the district court erred in suppressing the evidence seized from the warrantless search of Defendant's cell phone. The majority reasons the district court did not consider the validity of the search warrant that was ultimately obtained to search Defendant's cell phone; and accordingly, improperly relied on *Riley v. California,* 573 U.S. 373, 134 S.Ct. 2473, 189 L.Ed.2d 430 (2014), in granting the motion to suppress. I disagree.

In *Riley v. California*, the United States Supreme Court stated:

The Fourth Amendment provides:

> "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

As the text makes clear, "the ultimate touchstone of the Fourth Amendment is 'reasonableness.' " *Brigham City v. Stuart*, 547 U.S. 398, 403, 126 S.Ct. 1943, 164 L.Ed.2d 650 (2006). Our cases have determined that "[w]here a search is undertaken by law enforcement

officials to discover evidence of criminal wrongdoing, ... reasonableness generally requires the obtaining of a judicial warrant." *Vernonia School Dist. 47J v. Acton*, 515 U.S. 646, 653, 115 S.Ct. 2386, 132 L.Ed.2d 564 (1995). Such a warrant ensures that the inferences to support a search are "drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." *Johnson v. United States*, 333 U.S. 10, 14, 68 S.Ct. 367, 92 L.Ed. 436 (1948). In the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement. See *Kentucky v. King*, 563 U.S. ——, ——, 131 S.Ct. 1849, 1856–1857, 179 L.Ed.2d 865 (2011).

*Id.*, 573 U.S. 373, 381–82, 134 S. Ct. 2473, 2482, 189 L. Ed. 2d 430 (2014).

Further, the *Riley* Court held:

> We cannot deny that our decision today will have an impact on the ability of law enforcement to combat crime. Cell phones have become important tools in facilitating coordination and communication among members of criminal enterprises, and can provide valuable incriminating information about dangerous criminals. Privacy comes at a cost.
>
> Our holding, of course, is not that the information on a cell phone is immune from search; it is instead that a warrant is generally required before such a search, even when a cell phone is seized incident to arrest. Our cases have historically recognized that the warrant requirement is "an important working part of our machinery of government," not merely "an inconvenience to be somehow 'weighed' against the claims of police efficiency." *Coolidge v. New Hampshire*, 403 U.S. 443, 481, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

*Id.*, 573 U.S. 373, 401, 134 S. Ct. 2473, 2493, 189 L. Ed. 2d 430 (2014).

In the present matter, notwithstanding that a search warrant was issued, the record is clear that the police searched Defendant's cell phone <u>prior</u> to obtaining a warrant and discovering the child pornography.  In its *per curiam*, the district court opined:

> The state, in its own post hearing brief to the trial court admitted that the search of Mr. Roussett's phone was warrantless and unlawful. (State's Writ, Exhibit G, p. 3). *Riley v. California*, 573 U.S. 373, 401 (2014) holds that law enforcement must obtain a warrant prior to searching the contents of a cellular phone, even when such a phone is lawfully obtained by police incident to arrest. The Supreme Court recognized that cellular telephones are afforded heightened Fourth Amendment protections due to the large amount of private information often contained therein. There is no dispute that the investigating officer did not obtain or apply for a search warrant prior to the unlawful search that ultimately led to Mr. Roussett's arrest. As

a result of that warrantless search, this Court suppressed the unlawfully obtained evidence and found no probable cause for Mr. Roussett's arrest.

The State contends the evidence would have eventually been discovered and that the evidence should be admissible because it would have been discovered when a warrant was obtained. This contention is in error. When Detective Fournier applied for the search warrant in this case, she recited as substantiating evidence (pornographic images) acquired from the initial (illegal) search of the phone by Officer Adams. The illegal search by Officer Adams cannot be cured by subsequently obtaining a search warrant for the cell phone based on information derivative of the illegality.

I find the district court did not err in its determination that Officer Adams searched Defendant's cell phone without a warrant. Therefore, the district court properly granted the motion to suppress as it pertained to the evidence seized from the unlawful search of Defendant's cell phone.

For these reasons, I respectfully concur in part and dissent in part.